**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| Willie James Booker ) | |
| ) | |
| *Plaintiff,* ) | **Case No.** |
| ) | |
| vs. ) | |
| ) | |
| City of Rockford, Illinois, Rockford Police ) | |
| Department, and James Randall ) | |
| ) | |
| *Defendants.* ) | |

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(a)

Defendants, the City of Rockford, Illinois, Rockford Police Department, and James Randall, through their attorneys, City of Rockford Department of Law, hereby remove to this court pursuant to 28 U.S.C. §1441(a), the state court action described below.

1. On June 29, 2023, Plaintiff filed a complaint with case No. 2023-MR-321 in the Circuit Court of the 17th Judicial Circuit, Winnebago County, State of Illinois. A copy of all process, pleadings and orders served upon Defendants are attached pursuant to 28 U.S.C. §1446 (a) as *Exhibit A*.

2. On June 29, 2023, Defendants were served with a copy of plaintiff's complaint and a summons from state court. A copy of the summons is attached as part of Exhibit A, and incorporated herein by reference.

3. This Court has original jurisdiction over the claims in plaintiff's complaint pursuant to 28 U.S.C. §§1331 and 1367, and are claims which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441, and the Defendants' Notice of Removal of Action is timely filed.

1

4.      In count I of his complaint titled, (U.S.C. Amend. IV – Defendants City of Rockford, Randall, Rockford Police Department), plaintiff alleges in pertinent part as follows:

> 49.      On September 11, 2001, [Randall] . . . deprived Plaintiff Booker of his right that no warrant shall issue but upon probable cause guaranteed by U.S.C Amend. IV.

> 50.      On September 11, 2001, defendant Rockford Police Department, while acting under color of state law, failed to adequately train and supercise its police officers on the proper way to prepare a criminal complaint, which has led to the deprivation of Plaintiff Booker right that no warrant shall issue but upon probable cause guaranteed by U.S.C. Amend. IV.

> 51.      On September 11, 2001, defendant City of Rockford, while acting under color of state law, failed to adequately train and supervise its Rockford Police Officers on the proper way to prepare a criminal complaint, which has led to the deprivation of Plaintiff Booker right that no warrant shall issue but upon probable cause guaranteed by U.S.C. Amend. IV.

5.      In count II of his complaint titled (Cruel and Unusual Punishment – U.S.C. Amend. VIII – Defendant Randall), plaintiff alleges in pertinent part as follows:

> 1.      This is an action to redress the deprivation of Plaintiff Booker right to be free of cruel and unusual punishment guaranteed by U.S.C. Amend. VIII, by defendant Randall.

6.      In count III of his complaint titled (Speedy Trial – U.S.C. Amend. VI – Defendant Randall), plaintiff alleges in pertinent part as follows:

> 1.      This is an action to redress the deprivation of Plaintiff Booker right to a speedy trial guaranteed by U.S.C. Amend VI, by defendant Randall.

7.      In count IV of his complaint titled (Due Process – U.S.C. Amend. XIV – Defendant Randall), plaintiff alleges in pertinent part as follows:

> 1.      This is an action to redress the deprivation of Plaintiff Booker rights to due process guaranteed by U.S.C. Amend. XIV by defendant Randall.

8.     This notice of removal is filed in accordance with 28 U.S.C. §1441 which states, in part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b)     Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

9.     Defendants will give written notice of the filing of this notice to Plaintiff, and file a copy of the same with the Clerk of the Circuit Court of the 17th Judicial Circuit, Winnebago County, in compliance with 28 U.S.C. §1446(d).

WHEREFORE, Defendants, the City of Rockford, Illinois, Rockford Police Department, and James Randall, humbly request that this action be removed from the State of Illinois, Circuit Court of the 17th Judicial Circuit, Winnebago County, and proceed in this Court as an action in the United States District Court for the Northern District of Illinois, Western Division.

Dated: June 30, 2023                    Respectfully submitted,

CITY OF ROCKFORD, ILLINOIS,
ROCKFORD POLICE DEPARTMENT, and
JAMES RANDALL
**Defendants**

By their attorneys,

3

City of Rockford Department of Law,

By: _s/Ifeanyi C. Mogbana_
      **Ifeanyi C. Mogbana**,
      City Attorney

By: _s/Matthew D. Flores_
      **Matthew D. Flores**,
      Assistant City Attorney

City of Rockford Department of Law
425 E. State Street
Rockford, Illinois 61104
(779) 348-7154
Ifeanyi.Mogbana@rockfordil.gov
Matthew.Flores@rockfordil.gov

In The Circuit Court Of the 17th Judicial Circuit
County of Winnebago

Willie J. Booker,                          No.
Plaintiffs,                                2023 MR 321

        Vs.

City of Rockford; Rockford Police

                                        F I L E D
department; James Randall; Detective
                                        Date: 6, 13, 23
Of the Rockford Police Department,
                                        Thomas A. Klein
Defendants.                             Clerk of the Circuit Court
                                        By _____ rb _____ Deputy
                                        Winnebago County, IL

                Complaint

        Now comes the plaintiff, Willie J. Booker,
complaining against the defendants City Of Rockford,
Rockford Police Department, and James Randall, of
the Rockford Police Department, and States as follows.

        I. Introduction

        1. This is an action to redress the deprivation
of plaintiff Booker civil rights by the defendants
City Of Rockford, Rockford Police Department,
and James Randall.

        II. Jurisdiction And Venue

        2. This court has jurisdiction pursuant to
Art. VI, §9, 1970 Ill. Const. and 42 U.S.C. § 1983.

        3. The events leading to this action occurred
                    1                    (Turn over)

in Winnebago County, Illinois, and therefore, Venue
is appropriate in Winnebago County, Illinois.

III. Plaintiff

4. A. Name: Willie J. Booker B61837
B. Address: 5835 State Route 154,
Pinckneyville, IL 62274.

IV. Defendants

5. A. Name: James Randall.
B. Address: 420 West State St.,
Rockford, IL 61101.
C. Place of employment: Rockford Police Department.
D. Title: Detective.
E. Capacity Sued: Sued in individual capacity.
F. At all times Relevant, Defendant Randall
is acting under color of State law as a Detective
of the Rockford Police Department.

6. A. Name: City of Rockford.
B. Address:
C. Place of employment: City of Rockford.
D. Capacity sued: Sued in individual capacity.
E. At all times Relevant, Defendant, City of
Rockford is acting under color of State law as the
City of Rockford.

7. A. Name: Rockford Police Department.
B. Address: 420 West State St.,
Rockford, IL 61101.
2 (Next Page)

c. Capacity Sued: Sued in individual Capacity.

V. Statement OF Facts

1-7. Plaintiff realleges and incorporates paragraphs 1-7 of this complaint as paragraphs 1-7 of this Statement of Facts.

8. 720 ILCS 5/12-4.2 (West 2000) is entitled, Aggravated Battery With a firearm. See attach exhibit # A.

9. 720 ILCS 5/12-4.2 (West 2000) provides in relevant parts: (a) A person commits aggravated battery with a firearm when he, in committing a battery, knowingly or intentionally by means of the discharging of a firearm (1) causes any injury to another person. See attach exhibit # A.

10. 720 ILCS 5/12-3 (West 2000) is entitled, Battery. See attach exhibit # B.

11. 720 ILCS 5/12-3 (West 2000) provides in relevant parts: (a) A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual. See attach exhibit # B.

12. On the late hours of September 5, 2001, in the County of Winnebago, Illinois, a shooting occur leaving one Bobby Poke shot.

3                    (Turn Over)

13. On September 6, 2001, Bobby Poke inform the Unknown Police Officer of the Rockford Police Department, that he was just out for a drive when an unknown guy said something to him.

14. Bobby Poke went on to state, that he got out of his car and said something to the unknown male and the unknown male pulled a gun and started shooting.

15. Bobby Poke further described the unknown male as black, 6'2 - 6'4, 220 lbs.

16. On September 6 2001, Ray Tillman inform the Unknown Police Officer of the Rockford Police Department, that he heard Bobby arguing with some unknown black male.

17. Ray Tillman went on to state that he heard gun shots and didn't know who was shooting.

18. Ray Tillman further described the unknown black male as 5'5, 145 lbs and dark skin, 19 yrs old.

19. On September 11, 2001, Detective. Randall prepaired a criminal complaint charging plaintiff Booker with aggravated battery with a firearm. See exhibit # C.

20. The criminal complaint charges, Complainant, James Randall on oath charges: that on the 5th day of September, 2001, in the

4                                    (Next Page)

County of Winnebago, State of Illinois, Willie J. Booker committed the offense of Aggravated Battery With A Firearm in committing a battery, without legal justification and by the means of discharging of a firearm, caused injury to Bobby Poke Jr in that the said defendant shot the victim, Bobby Poke Jr, in the legs with a firearm, in violation of 720 ILCS 5/12-4.2(a)(1) of the Illinois Compiled Statutes. See attached exhibit # C.

21. On September 11, 2001, Defendant Randall pursuant to the criminal complaint applied for an arrest warrant against Plaintiff Booker for the charge of aggravated battery with a firearm.

22. Defendant Randall in applying for the arrest warrant, did not inform the judge of the September 10, 2001, statements made by Ray Tillman and Bobby Poke.

23. On September 11, 2001, an arrest warrant for aggravated battery with a firearm was issued against Plaintiff Booker.

24. On September 11, 2001, in the case of: People v. Booker, Case No. 01-CF-2287, Winnebago County, Illinois; Plaintiff Booker was charged with aggravated battery with a firearm.

25. On September 14, 2001, defendant Randall arrested Plaintiff Booker for aggravated battery

5          (Turn Over)

With a firearm and took him to the Winnebago County jail.

26. Plaintiff Booker upon arrival in the Winnebago County jail was strip search and had to bend over and allow the Winnebago County jail officials look into his anus.

27. Plaintiff Booker while in the Winnebago County jail was body search randomly.

28. Jail officers that search Plaintiff Booker, took they're hands and roughly patted Plaintiff Booker down and thereby causing Plaintiff Booker to feel pain in his body and left bruises on his body.

29. While in the Winnebago County Jail, jail officials listen to all of Plaintiff Booker phone conversations.

30. On September 14, 2001, Plaintiff was not diagnose with high blood pressure.

31. While in the Winnebago County Jail, jail officials open and read all of Plaintiff in coming regular mail.

While incarcerated
32. On September 15, 2001, Plaintiff was not diagnose with high blood pressure, and Schizoaffective, and depressi
and medicated.

33. On September 17, 2001, Plaintiff was arraign

6                    (Next Page)

on the charge aggravated battery with a firearm.

34. Plaintiff never received a prompt preliminary hearing.

35. Plaintiff never was indicted.

36. Plaintiff was never taken to trial.

37. While in the Winnebago County jail, plaintiff was diagnose with high blood pressure and placed on medication.

38. In February 2004, Plaintiff was transfer to the Ill. Dept. Of Corrs (IDOC).

39. There is no written order finding the Plaintiff guilty of any offense.

40. There is no written sentencing order, sentencing Plaintiff to the I.D.O.C.

41. Upon arriving in the IDOC, Plaintiff has been confined in a cell.

42. While in the IDOC Plaintiff has attempted multiple suicide attempts.

43. While in the IDOC Plaintiff in fear of his life, had to sign into protective custody.

44. While in the IDOC Plaintiff has gone

7                              (Turn over

on multiple hunger strikes

45. On or about February 2023, Plaintiff
Filed a motion to dismiss with prejudice.

46. The Circuit Court granted the motion
to dismiss.


VI. Claim


Count I


~~Real claim reference~~
U.S.C. Amend. IV - Defendants' City Of
Rockford, Randall, Rockford Police Department.

1. Plaintiff realleges and incorporates paragraph 1
of this complaint as paragraph 1 of count I.

2. This court has jurisdiction pursuant to 42 U.S.C. § 1983.

3-46. Plaintiff realleges and incorporates paragraphs 3-46
of this complaint as paragraphs 3-46 of count I.

47. U.S.C. ( The right of the People to be secure in their
persons, houses, papers, and effects, against unreasonable searches,
and seizures, shall not be violated, and no warrants shall issue,
but upon probable cause, supported by oath or affirmation,
and particulary describing the place to be searched, and
the person or things to be seized, Id at Amend. IV).


8                           (Next Page)

49. On September 11, 2001, defendant James Randall, while acting under color of state law, as a detective of the Rockford Police Department, knowingly prepared a criminal complaint that to contain only his own conclusion that Willie Booker committed the offense of aggravated battery with a firearm and obtain an arrest warrant against Willie Booker for the offense of aggravated battery with a firearm, and thereby, deprived Plaintiff Booker of his right that no warrant shall issue but upon probable cause guaranteed by U.S.C. Amend. IV.

50. On September 11, 2001, defendant Rockford Police department, while acting under color of state law, failed to adequately train and supervise its police officers on the proper way to prepare a criminal complaint, which has to led to the deprivation of Plaintiff Booker right that no warrant shall issue but upon probable cause guaranteed by U.S.C. Amend. IV.

51. On September 11, 2001, defendant City of Rockford, while acting under color of state law, failed to adequately train and supervise its Rockford Police officers on the proper way to prepare a criminal complaint, which has led to the deprivation of Plaintiff Booker right that no warrant shall issue but upon probable cause guaranteed by U.S.C. Amend. IV.

52. As a proximate result of defendants Randall, City of Rockford, Rockford Police department aforemention conduct, Plaintiff Booker was arrested upon an arrest warrant that was issued without probable cause in which led to plaintiff being

9

(Turn over)

Unlawfully of confined in prison.

53. As a direct and proximate result of the aforesaid acts and omissions by defendants Randall, Rockford Police department and City of Rockford, Plaintiff Booker has sustain damages including but not limited to severe emotional distress, pain & suffering, head aches, loss of society, loss of sex, mental Anguish, personal humiliation, loss of freedom, loss of sleep, loss of appetite, loss of companionship, loss of privacy, bed sores, depression, raped.

## Count II

Speedy trial - U.S.C. Amend.VI   - Defendants Randall.

1. This is an action to redress the deprivation of Plaintiff Booker right to a speedy trial guaranteed by U.S.C. Amend. VI, by defendant Randall.

2. This court has jurisdiction pursuant to 42 U.S.C. § 1983.

3-46. Plaintiff realleges and incorporates paragraphs 3-46 of this complaint as paragraphs 3-46 of Count II.

47. U.S.C. (In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial... Id at Amend.VI).

48. On September 11, 2001, defendant James Randall, While acting under the color of state

10                              (Next Page)

law, as a detective of the Rockford Police department, knowingly prepared a criminal complaint that contained only his own conclusion that Willie Booker committed the offense of aggravated battery with a firearm, and obtain an arrest warrant against Willie Booker.

49. Defendant Randall arrested Plaintiff Booker for aggravated battery with a firearm.

50. As a result of defendant Randall aforemention conduct, plaintiff never received a speedy trial in violation of his right to a speedy trial guaranteed by U.S.C. Amend. VI, and unlawfully placed in prison.

51. As a direct and proximate result of defendant Randall conduct, Plaintiff has sustain damages including but not limited to pain and suffering, headaches, severe emotional distress, mental anguish, raped, loss of sex, personal Humiliation, Bed sores, depression, Fear, severe emotional distress.

Count III

Cruel and unusual punishment - U.S.C. Amend. VIII - Defendant Randall.

1. This is an action to redress the deprivation of Plaintiff Booker right to be free of cruel and unusual punishment guaranteed by U.S.C. Amend. VIII, by defendant Randall.

11                    (Turn over)

2. This court has jurisdiction pursuant to 42 U.S.C. §1983.

3-46. Plaintiff realleges and incorporates paragraphs 3-46 of this complaint as paragraphs 3-46 of count III.

47. U.S.C. (Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted. Id at Amend. VIII).

48. On September 11, 2001, defendant James Randall, while acting under color of state law, as a detective of the Rockford Police Department, knowing prepared a criminal complaint that contain only his own conclusion that Willie Booker committed the offense of aggravated battery with a firearm and obtain an arrest warrant.

49. Defendant Randall arrested Willie Booker for the offense of aggravated battery with a firearm.

50. As a result of defendant Randall conduct, Plaintiff Booker was transfer to the IDOC, although Plaintiff had not been convicted and sentence.

51. As a result of defendant Randall conduct, Plaintiff confinement in the IDOC deprives Plaintiff of his right to be free of cruel and unusual punishment, guaranteed by U.S.C. Amend. XIV.

52. As a direct and proximate result of

12                    (Next Page)

of defendant Randall conduct, Plaintiff has sustain
damages including but not limited to pain and suffering,
headaches, severe emotional distress, mental anguish,
raped, loss of sex, personal humiliation, bed sores,
depression, fear, severe emotional distress.

## Count IV

Due Process — U.S.C. Amend XIV — Defendant Randall.

1. This is an action to redress the deprivation of
Plaintiff Booker rights to due process guaranteed by
U.S.C. Amend. XIV by defendant Randall.

2. This court has jurisdiction pursuant to
42 U.S.C. § 1983.

3.-46. Plaintiff realleges and incorporates
paragraphs 3-46 of this complaint as paragraphs
3-46 of Count IV.

47. U.S.C. ("... nor shall any state deprive
any person of life, liberty, or property, without
due process of law... . Id at Amend. XIV).

48. On September 11, 2001, defendant Randall,
while acting under color of state law, as a
detective of the Rockford Police Department,
defendant Randall knowingly prepared a criminal
charging Plaintiff Booker with aggravated
battery with a firearm.

13                              (Turnover)

49. Defendant Randall in preparing the criminal complaint knowingly failed to charge the underlying offense of battery by failing to allege the physical contact elements of battery.

50. Defendant Randall in the criminal complaint failed to allege that Plaintiff Booker cause bodily harm to an individual or, made physical contact of an insulting or provoking nature with an individual.

51. The Aggravated battery with a firearm criminal complaint failed to state an offense because defendant Randall failed to allege the physical contact elements of battery.

52. Defendant Randall ~~known prosecutor intended~~ ~~purported~~ pursuant to the Aggravated battery with a firearm criminal complaint applied for and obtain an arrest warrant against Plaintiff Booker for the offense of Aggravated battery with a firearm.

53. On September 14, 2004, defendant Randall arrested Plaintiff Booker for the offense of Aggravated battery with a firearm.

54. As a proximate result of one or more of the aforesaid acts and omissions of defendant Randall, Plaintiff Booker in February 2004 was unlawfully transfer to the I.Doc and kept in a prison cell.

14                    (Next Page)

55. As a direct and proximate result of the aforesaid acts and omissions by defendant Randall, Plaintiff Booker has sustain damages including but not limited to pain and suffering, headaches, mental anguish, loss of sleep, loss of sex, personal humiliation, bed sores, depression, fear, severe emotional distress.

56. At all times, defendant Randall, was acting under color of state law as a detective of the Rockford Police Department.

57. Defendant Randall in knowingly preparing the Aggravated battery with a firearm criminal complaint which did not state an offense, violated Plaintiff right to due process guaranteed by U.S.C. Amend. XIV.

Count V

Intentional Infliction Of Emotional Distress — Defendants Randall.

1-46. Plaintiff realleges and incorporates by reference paragraphs 1-46 of this complaint as paragraphs 1-46 of this count V.

47. On September 11, 2001, defendant Randall conduct was extreme and outrageous, when defendant Randall abused his authority as a detective of the Rockford Police Department, by preparing the aggravated battery with a firearm

15                    (Turn over

against Plaintiff Booker

Complaint ~~and subsequently complaint~~ Which did not state an offense
and then applied for an arrest Warrant and obtain an
arrest Warrant for aggravated battery With a firearm
and subsequently arrested plaintiff Booker for aggravated
battery With a firearm.

48. On September 11, 2001, defendant Randall
intended to ~~inflict~~ intentional infliction of emotional
distress upon plaintiff Booker When defendant
Randall abused his authority as a detective of the
Rockford Police Department by preparing an
aggravated battery With a firearm complaint against
Plaintiff Booker Which did not state an offense and
then applied for an arrest Warrant and obtain an
arrest Warrant for aggravated battery With a firearm
and subsequently arrested plaintiff Booker for aggravated
battery With a firearm.

49. As a direct and proximate result of
defendant Randall extreme and outrageous
conduct, plaintiff has suffered damages, including
but not limited to, severe emotional distress, fright,
grief, shame, humiliation, embarassment, anger, worry,
loss of self esteem, difficulty ~~and~~ trusting police
officers, suffered depression, mental anguish,
fear of law enforcement, that his enjoyment of
life has been substantially curtailed, plaintiff
has incurred, and will continue to incur medical and
psychological expenses in an effort to become
cured or relieved from the effects of his
mental distress.

16                              (Next page)

Count VI
Indemnification - Defendant
City of Rockford.

1-46. Plaintiff realleges and incorporates by
reference paragraphs 1-46 of this
complaint as paragraphs 1-46 of this count VI.

47. At at all times relevant defendant Randall
was acting under or law and under the course
and scope of his employment as a detective of
the Rockford Police Department.

48. At at all times relevant the City of Rockford
was the employer of defendant Randall.

49. Defendant City of Rockford pursuant to
Illinois law must indemnify defendant Randall.


VII. Relief

A. For the court to find that defendants Randall,
City of Rockford, and Rockford Police Department
violated plaintiff Booker U.S.C. Amend. VI right
that no warrant shall issue but upon probable
cause.

B. For the court to find that defendant Randall
violated plaintiff Booker U.S.C. Amend. VI right
to speedy trial.

17                              (Turn over)

C. For the court to find that defendant Randall violated plaintiff Booker right under U.S.C. Amend. VIII to be free of cruel and unusual punishment.

D. For the court to find that defendant Randall violated plaintiff Booker right under U.S.C. Amend. XIV to due process.

E. For the court to find that defendant Randall committed intentionally infliction of emotional distress upon plaintiff Booker.

F. For the court to find that defendant City of Rockford must indemnify defendant Randall.

H. Issue compensatory damages in favor of plaintiff Booker against defendants City of Rockford, Randall, Rockford Police department for the violation of plaintiff Booker rights.

I. Issue punitive damages' in favor of plaintiff Booker against defendants City of Rockford, Randall, Rockford Police department for the violation of plaintiff Booker rights.

J. Issue Nominal damages in favor of Plaintiff Booker against defendants City of Rockford, Randall, Rockford Police department for the violation of Plaintiff Booker rights.

18                                    (Next Page)

K. Issue such other further relief as
this court deems proper


VIII. Trial

The plaintiff demands that the case be tried
by a jury.




                                        Sincerely,
                                    Willie Booker
                            Willie Booker B61837
                            5835 State Route 154
                            Pinckneyville, IL 62274

19

State of Illinois
In The Circuit Court of
County of Winnebago

Willie J. Booker,                    )        No.
Plaintiff,                           )
                                     )
     Vs.                             )
                                     )
Campbell Williams, et als            )
City of Rockford, et al.             )
Defendants.                          )

## Notice of Filing / Proof of Service

To: Clerk Office, 400 W. State St., Rockford, IL 61101.


        Please take notice that on _____,
2022, I mailed to the Clerk of this court, my
"complaint", to be filed with the court, by
placing the complaint in an sealed envelope,
properly address as shown above, with proper
postage pre-paid, and deposited said envelope
in the United States Postal Mailbox in
Pinckneyville, IL 62274.

     Pursuant to 735 ILCS 5/1-109 (West 2022) I declare under penalty
of perjury that I am the Plaintiff-Appellant in the above legal caption,
that I have read the above documents, and that the information
contained therein is true and correct to the best of my knowledge
and belief.

                              Willie Booker

US POSTAGE $002.46

IDOC INDIVIDUAL
IN CUSTODY MAIL

W. Booth B61831
5835 State Route 154
Pinckneyville, IL 62274

Clerk Office
400 West State St.
Rockford, IL 61101

Legal / Privilege

**Forms are free at ilcourts.info/forms.**

| STATE OF ILLINOIS, CIRCUIT COURT | **SUMMONS** | For Court Use Only |
|---|---|---|
| Winnebago COUNTY | | |

| | | |
|---|---|---|
| **Instructions ▼** | Willie James Boone | |
| Enter above the county name where the case was filed. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Below "Defendants/ Respondents," enter the names of all people you are suing. | **Defendants / Respondents** *(First, middle, last name)* City of Rockford, Rockford Police Department; James Randall | **2023 MR 321** **Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st. Summons issued for this Defendant.)* | |

## IMPORTANT: You have been sued.

- Read all documents attached to this Summons. To participate in the case, you MUST file an official document with the court within the time stated on this Summons called an "Appearance" and a document called an "Answer/Response." If you do not file an *Appearance* and *Answer/Response* on time, the court may decide the case without hearing from you, and you could be held in default and lose the case.

- All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.

- You may be charged filing fees, but if you cannot pay them, you can file an Application for Waiver of Court Fees.

- It is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

- Need help? Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org. All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- ¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

### Plaintiff/Petitioner:

**Do not use this form** in these types of cases:

- All criminal cases
- Eviction
- Small Claims
- Divorce
- Order of protection
- Paternity
- Stalking no contact orders
- Civil no contact orders
- Adult guardianship
- Detinue
- Foreclosure
- Administrative review cases

For eviction, small claims, divorce, and orders of protection, use the forms available at ilcourts.info/forms. If your case is a detinue, visit illinoislegalaid.org for help.

**If you are suing more than 1 Defendant/Respondent,** attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

**1.** **Defendant/Respondent's address and service information:**

In **1a**, enter the name and address of the first Defendant/ Respondent you are serving. If you are serving a Registered Agent, include the Registered Agent's name and address here.

    a.   Defendant/Respondent's primary address/information for service:

       Name *(First, Middle, Last)*: City of Rockford c/o Kerry Partridge

       Registered Agent's name, if any:

       Street Address, Unit #: 425 East State Street

       City, State, ZIP: Rockford, IL 61104

       Telephone: _____ Email: _____

In **1b**, enter a second address for the first Defendant/ Respondent, if you have one.

    b.   If you have more than one address where Defendant/Respondent might be found, list that here:

       Name *(First, Middle, Last)*: _____

       Street Address, Unit #: _____

       City, State, ZIP: _____

       Telephone: _____ Email: _____

In **1c**, check how you are sending your documents to this Defendant/ Respondent.

    c.   Method of service on Defendant/Respondent:

       ☒ Sheriff    ☐ Sheriff outside Illinois: _____

                                      *County & State*

       ☐ Special process server    ☐ Licensed private detective

Check here if you are serving more than 1 Defendant/ Respondent. Attach an *Additional Defendant/ Respondent Address and Service Information* form for each additional Defendant/Respondent and write the number of forms you attached.

☒ **I am serving more than 1 Defendant/Respondent.**

I have attached _____ *Additional Defendant/Respondent Address*
        *Number*
*and Service Information* forms.

**2.** **Information about the lawsuit:**

In **2a**, enter the amount of money owed to you. Check **2b** if you are asking for the return of tangible personal property.

    a.   Amount claimed: $ N/A

    ☒  b.   I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession).

**3.** **Contact information for the Plaintiff/Petitioner:**

In **3**, enter your complete address, telephone number, and email address, if you have one.

    Name *(First, Middle, Last)*: Willie James Booker

    Street Address, Unit #: 5835 State Route 154

    City, State, ZIP: Pinckneyville, IL 62274

    Telephone: _____ Email: _____

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: ilcourts.info/forms. |
|---|---|

**4.** **Instructions for person receiving this Summons (Defendant):**

Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**.

    ☒  a.   To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:

       Address: 400 West State St

       City, State, ZIP: Rockford, IL 61101

<table>
<tr>
<td>

In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.*

In 4b, fill out:
- The court date and time the clerk gave you.
- The courtroom and address of the court building.
- The call-in or video information for remote appearances (if applicable).
- The clerk's phone number and website. All of this information is available from the Circuit Clerk.

</td>
<td>

☐ b. Attend court:

On: _9/7/23_ at _9:45_ ☒ a.m. ☐ p.m. in _426_
    *Date*        *Time*                  *Courtroom*

**In-person at:**
_400 W. State St. Rockford    IL_
*Courthouse Address*    *City*          *State*    *ZIP*

OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):

By telephone: _____
                    *Call-in number for telephone remote appearance*

By video conference: _____
                  *Video conference website*

_Meeting ID# 848 2994 9543_
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website
                *Circuit Clerk's phone number*

at: _____ to find out more about how to do this.
    *Website*

</td>
</tr>
</table>

<table>
<tr>
<td>

**STOP!**
The Circuit Clerk will fill in this section.

</td>
<td>

**Witness this Date:** _6/14/23_

**Clerk of the Court:** _Thomas A. Klein_, Clerk of the Circuit Court

</td>
</tr>
</table>

| **STOP! The officer or process server will fill in the Date of Service** |
| --- |
| **Note to officer or process server:** |
| • If 4a is checked, this *Summons* must be served within 30 days of the witness date. |
| • If 4b is checked, this *Summons* must be served at least 21 days before the court date, unless 2b is also checked. |
|    o If 4b and 2b are checked, the *Summons* must be served at least 3 days before the court date. |

Date of Service: _____
                *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*